IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:10-cv-172 |
| | ) | |
| JAMES G. KARP, G. DANIEL SIEGEL, | ) | |
| and THE KARP FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:10-cv-201 |
| | ) | |
| BARRON S. WALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| NATIONAL BANK OF SOUTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:10-cv-202 |
| | ) | |
| KEVIN J. TRACY, | ) | |
| | ) | |
| Defendant. | ) | |

```
NATIONAL BANK OF SOUTH          )
CAROLINA,                       )
                                )
          Plaintiff,            )
                                )
v.                              )          Civil No. 1:10-cv-215
                                )
ANTHONY J. BARBIERI,            )
                                )
          Defendant.            )
_____ )
                                )
NATIONAL BANK OF SOUTH          )
CAROLINA,                       )
                                )
          Plaintiff,            )
                                )
v.                              )          Civil No. 1:10-cv-217
                                )
3GMA REALTY, LLC; and           )
GERALD M. ABATEMARCO,           )
                                )
          Defendants.           )
_____ )
                                )
SYNOVUS BANK,                   )
                                )
          Plaintiff,            )
                                )
v.                              )          Civil No. 1:10-cv-218
                                )
GREGORY S. KEARY,               )
                                )
          Defendant.            )
_____ )
```

```
NATIONAL BANK OF SOUTH        )
CAROLINA,                     )
                             )
        Plaintiff,            )
                             )
v.                            )        Civil No. 1:10-cv-220
                             )
BENJAMIN W. ATKINSON; and     )
DANIEL S. HINKSON,            )
                             )
        Defendants.           )
                             )
                             )
NATIONAL BANK OF SOUTH        )
CAROLINA,                     )
                             )
        Plaintiff,            )
                             )
v.                            )        Civil No. 1:10-cv-221
                             )
KATHERINE H. WILLIAMS,        )
                             )
        Defendant.            )
                             )
                             )
SYNOVUS BANK,                 )
                             )
        Plaintiff,            )
                             )
v.                            )        Civil No. 1:10-cv-231
                             )
PATRICIA M. TRACY,            )
                             )
        Defendant.            )
                             )
```

Pending before the Court is the Motion to Compel. [# 94]. Defendants move to compel Plaintiff to fully respond to their discovery requests. The Court **STRIKES** the Motion to Compel [# 94] as untimely.

**I.  Analysis**

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel.  See Fed. R. Civ. P. 37; PCS Phosphate Co. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006).  Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.);  Lane. v. Lucent Techs., Inc., No. 1:04cv789,  2007 WL 2079879 (M.D.N.C. Jul. 13, 2007). Discovery in this case closed June 1, 2013.  The mediation deadline was June 15, 2013.  Summary Judgment motions were due July 1, 2013.  Defendants, however, waited until a month after the close of discovery to file their Motion to Compel.  The time for moving to compel has long passed, and the Court **STRIKES** the motion from the record.  Defendants should have filed any discovery motions prior to the close of discovery.

**II.  Conclusion**

The Court **STRIKES** the Motion to Compel [# 94].

Signed: July 2, 2013

Dennis L. Howell
United States Magistrate Judge