```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION


SYNOVUS BANK,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )    Civil No. 1:10-cv-172
                                       )
JAMES G. KARP, G. DANIEL SIEGEL,       )
and THE KARP FAMILY LIMITED            )
PARTNERSHIP,                           )
                                       )
          Defendants.                  )
                                       )
_____    )
                                       )
SYNOVUS BANK,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )    Civil No. 1:10-cv-201
                                       )
BARRON S. WALL,                        )
                                       )
          Defendant.                   )
                                       )
_____    )
                                       )
NATIONAL BANK OF SOUTH                 )
CAROLINA,                              )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )    Civil No. 1:10-cv-202
                                       )
KEVIN J. TRACY,                        )
                                       )
          Defendant.                   )
_____    )
```

| | |  |
|---|---|---|
| NATIONAL BANK OF SOUTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:10-cv-215 |
| ANTHONY J. BARBIERI, | ) ) ) | |
| Defendant. | ) ) | |
| NATIONAL BANK OF SOUTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:10-cv-217 |
| 3GMA REALTY, LLC; and GERALD M. ABATEMARCO, | ) ) ) | |
| Defendants. | ) ) | |
| SYNOVUS BANK, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:10-cv-218 |
| GREGORY S. KEARY, | ) ) | |
| Defendant. | ) ) | |

| | |
|---|---|
| NATIONAL BANK OF SOUTH CAROLINA,                )<br>                                                 )<br>        Plaintiff,                              )<br>                                                 )<br>v.                                               )<br>                                                 )<br>BENJAMIN W. ATKINSON; and                       )<br>DANIEL S. HINKSON,                              )<br>                                                 )<br>        Defendants.                              )<br>_____ ) | Civil No. 1:10-cv-220 |
| NATIONAL BANK OF SOUTH CAROLINA,                )<br>                                                 )<br>        Plaintiff,                              )<br>                                                 )<br>v.                                               )<br>                                                 )<br>KATHERINE H. WILLIAMS,                          )<br>                                                 )<br>        Defendant.                               )<br>_____ ) | Civil No. 1:10-cv-221 |
| SYNOVUS BANK,                                   )<br>                                                 )<br>        Plaintiff,                              )<br>                                                 )<br>v.                                               )<br>                                                 )<br>PATRICIA M. TRACY,                              )<br>                                                 )<br>        Defendant.                               )<br>_____ ) | Civil No. 1:10-cv-231 |

Pending before the Court is the Motion to Compel[# 74]. Plaintiff moves the Court to compel Defendants to produce documents responsive to two document requests and to provide complete answers to one interrogatory. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **GRANTS** the motion [# 74].

**I. Background**

Plaintiff brought these cases seeking repayment for loans it made in relation to the purchase of undeveloped lots in a real estate development. Defendants asserted various counterclaims, including claims for fraud, fraud in the inducement, and claims under Chapter 75 of the North Carolina General Statutes.

Plaintiff served Defendants with various discovery requests. Relevant to this dispute are the following requests:

> **INTERROGATORY NO. 14:** Identify all real property that you (or any entity that you own or control in whole or in part) purchased between 2000 and the present. For each property state the physical address, the date of purchase, and the names and contact information of any lending institutions that provided financing for the purchase transaction.
>
> **REQUEST NO. 11:** All documents evidencing your legal or financial interest in any real estate transactions to which you, or an entity that you owned or controlled (in whole or in part), were a party between 2000 and the present, including but not limited to deeds, purchase contracts, and loan documents.
>
> **Request No. 4:** All documents exchanged between you and any other individuals or entities who purchased a lot at River Rock, including but not limited to emails, correspondence, contracts, loan documents, or marketing materials.

In response to Interrogatory No. 14 and Request No. 11, Defendants offered the general objection that the requests were not reasonably calculated to lead to the discovery of admissible evidence. In response to Request No. 4, Defendants stated that they would produce the response documents subject to the general objections, which included the attorney-client privilege,

4

attorney work product, and another applicable federal privilege. Defendants did not, however, provide Plaintiff with a privilege log, as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Defendants now contend that documents responsive to Request No. 4 are protected by the common interest privilege. Subsequently, Plaintiff moved to compel Defendants to respond fully to Interrogatory No. 14 and produce documents responsive to Document Requests Nos. 4 and 11.

**II.  Legal Standard**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request.  Fed. R. Civ. P. 37(a)(3)(B).  "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion."  Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)

5

(collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

Moreover, in responding to a party's interrogatory, the responding party must answer fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Any objections "must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Parties must respond truthfully, fully, and completely to discovery or explain truthfully, fully, and completely why they cannot respond." Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010).

Finally, Rule 37 provides that if a court grants a motion to compel or the discovery is provided after the party files the motion, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). The Court, however, need not award fees under Rule 37 where if finds that circumstances would make an award of expenses unjust. Id.

**III. Analysis**

6

### A. Interrogatory No. 11 and Request No. 14

Defendants have asserted a number of counterclaims against Plaintiff, including fraud and Chapter 75 claims. Information related to Defendants' involvement in other real estate transactions is relevant to these claims.  For example, evidence of past real estate transactions may be relevant to the issue of whether the Defendants reasonably relied on any alleged misrepresentations by Plaintiff.

In response to the Motion to Compel, however, Defendants do not offer any argument that the information is not relevant. Instead, Defendants contend that they no longer need to produce the documents at issue because some of the Defendants testified as to their past real estate transactions during depositions. The fact that some of the Defendants may have testified during their deposition as to some, or even all, of their past real estate transactions does not alleviate Defendants' obligation to produce the documents responsive to the discovery requests at issue or to fully answer the interrogatories. Because the information sought in Interrogatory No. 11 and Requests No. 14 is relevant to the claims asserted by the parties, the Court **GRANTS** the motion [# 74] as to these requests and **DIRECTS** Defendants to provide Plaintiff with all documents responsive to Request No. 14 and to fully answer Interrogatory No. 11 within ten (10) days of the entry of this Order.

**B. Request No. 4.**

Defendants contend that the common interest privilege protects them from having to produce documents responsive to Request No. 4. The common interest privilege is an extension of the attorney-client privilege that allows individuals with a common interest in litigation to communication with each other and their attorneys without waiving the attorney-client privilege. In re Grand Jury Subpoenas 89-3 and 89-4, 902 F.2d 244, 248-49 (4th Cir. 2005); Kirkland's, Inc., 270 F.R.D. at 242; Prowess, Inc. v. Raysearch Labs. AB, Civil Case No. WDQ-11-1357, 2013 WL 509021 (D. Md. Feb. 11, 2013). In order for the common interest privilege to apply, the shared communication or information must first satisfy the attorney-client privilege or the work product doctrine. Kirkland's, 270 F.R.D. at 243; Carolina Power & Light Co. v. 3M Co., 278 F.R.D. 156, 161-62 (E.D.N.C. 2011); Prowess, Inc. v. Raysearch Labs. AB, Civil No. WDQ-11-1357, 2013 WL 1976077 (D. Md. May 9, 2013); Glynn v. EDO Corp., Civil No. JFM-07-01660, 2010 WL 3294347 (D. Md. Aug. 20, 2010). In addition, the party asserting the common interest privilege must also demonstrate that: "'(1)the communicating parties shared an identical legal interest, (2) the communication was made in the course of and in furtherance of the joint legal effort, and (3) the privilege had not been waived.'" Kirkland's, 279 F.R.D. at 243 (quoting, Glynn, 2010 WL 3294347)). "A party

8

cannot establish a common interest by relying 'soley on counsel's conclusory allegation that the communications were privileged based on the common interest in the litigation.'" Prowess, 2013 WL 509021 (quoting, Byrnes v. Jetnet Corp., 111 F.R.D. 68, 72 (M.D.N.C. 1986)).

The cursory response by Defendants to the Motion to Compel fails to demonstrate that the common interest privilege applies to any of the documents or communications at issue. As a threshold matter, Defendants have failed to demonstrate that the communications and documents at issue are subject to either the attorney-client privilege or the attorney work product. In fact, it seems entirely implausible that all the documents at issue are protected by either of these privileges. Moreover, Defendants failed to provide Plaintiff with a privilege log as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(5)(A); Neighbors Law Firm, P.C. v. Highland Cap. Mgmt., L.P., No. 5:09-CV-352-F, 2011 WL 761480 (E.D.N.C. Feb. 24, 2011). Finally, even assuming that the documents and communications were covered by either the attorney-client privilege or the attorney work product doctrine and Defendants had provided Plaintiff with a privilege log that complied with the requirements of the Federal Rules of Civil Procedure, Defendants have failed to demonstrate the common interest privilege applies. Accordingly, the Court **GRANTS** the Motion to

Compel [# 74] and **DIRECTS** Defendants to produce all documents responsive to Request No. 4 that are not subject to the attorney-client privilege or the attorney work product doctrine within ten (10) days of the entry of this Order.

Finally, Defendants shall produce a privilege log that complies with the requirements of the Federal Rules within ten (10) days of the entry of this Order. The privilege log must list every responsive document that was withheld from production based on the assertion of the attorney-client privilege or the work product doctrine. The Court will deem Defendants to have waived the applicable privilege to any document not included on the privilege log. Plaintiff may file a motion challenging the inclusion of any of the documents on the privilege log within ten (10) days of receipt of the log from Defendants, and the Court will conduct an *in camera* review of the documents and determine whether the privilege applies to the document at issue. The Court **INSTRUCTS** Defendants that it will sanction Defendants and/or counsel for Defendants $500.00 for each document that the Court finds to have been included on the privilege log without a reasonable basis for believing that the document was protected by either the attorney-client privilege or the attorney work product doctrine.

**C.    FEES**

Pursuant to Rule 37, the Court **AWARDS** Plaintiff its reasonable costs, including attorneys' fees in bringing this motion. The Court finds that Defendants offered largely conclusory, undeveloped arguments in response to the Motion to Compel, and unreasonably withheld discovery responses. Upon a review of the record and the parties' briefs, an award of fees in justified in this case. The Court **DIRECTS** Plaintiff to file an affidavit and supporting documents setting forth their attorneys' fees with ten (10) days of the entry of this Order. Defendants shall have five (5) days to object to the amount of the fees. This award shall be paid by counsel for Defendants.

**IV.  Conclusion**

The Court **GRANTS** the Motion to Compel [# 74].

Signed: July 29, 2013

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge