THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10-cv-00172-MR-DLH

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 1:10cv172 |
| | ) | |
| JAMES G. KARP, G. DANIEL SIEGEL, and THE KARP FAMILY LIMITED PARTNERSHIP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 1:10cv201 |
| | ) | |
| BARRON S. WALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 1:10cv202 |
| | ) | |
| KEVIN J. TRACY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | |  |
|---|---|---|
| NATIONAL BANK OF SOUTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil No. 1:10cv215 |
| ANTHONY J. BARBIERI, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| NATIONAL BANK OF SOUTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil No. 1:10cv217 |
| 3GMA REALTY, LLC, and GERALD ABATEMARCO, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| SYNOVUS BANK, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil No. 1:10cv218 |
| GREGORY S. KEARY, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| NATIONAL BANK OF SOUTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) | |

|                                               |   |                      |
|-----------------------------------------------|---|----------------------|
| vs.                                           | ) | Civil No. 1:10cv220  |
| BENJAMIN W. ATKINSON and DANIEL S. HINKSON,   | ) |                      |
| Defendants.                                   | ) |                      |
| _____           | ) |                      |
| NATIONAL BANK OF SOUTH CAROLINA,              | ) |                      |
| Plaintiff,                                    | ) |                      |
| vs.                                           | ) | Civil No. 1:10cv221  |
| KATHERINE H. WILLIAMS,                        | ) |                      |
| Defendant.                                    | ) |                      |
| _____           | ) |                      |
| SYNOVUS BANK,                                 | ) |                      |
| Plaintiff,                                    | ) |                      |
| vs.                                           | ) | Civil No. 1:10cv231  |
| PATRICIA M. TRACY,                            | ) |                      |
| Defendant.                                    | ) |                      |
| _____           | ) |                      |

# O R D E R

**THIS MATTER** is before the Court on the Defendant-Borrowers' Appeal of Magistrate Judge Decision [Doc. 99] and Objections to Order of Magistrate Judge Striking Their Motion to Compel Discovery [Doc. 100].

3

## I. PROCEDURAL BACKGROUND

On October 15, 2012, the Court entered a Pretrial Order/Case Management Plan, which set a discovery deadline of June 1, 2013 for the above consolidated cases. [Doc. 59]. One month later, on July 1, 2013, the Defendants filed a Motion to Compel Discovery in which they requested entry of an Order directing the Bank to respond more fully to certain written discovery requests. [Doc. 94].

On July 2, 2013, United States Magistrate Judge Howell entered an Order striking the Defendants' Motion to Compel as untimely. [Doc. 96]. The Defendants now appeal, objecting to the striking of their Motion to Compel. [Docs. 99 and 100].

## II. ANALYSIS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S.

Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

In the present case, the Magistrate Judge's Order was not clearly erroneous or contrary to law. The case law of this District is clear that motions to compel generally must be filed by the close of the discovery period. Surrett v. Consol. Metco, Inc., No. 1:11cv106, 2012 WL 1340548, at *2 (W.D.N.C. Apr. 18, 2012) ("Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely."); Anderson v. Caldwell County Sheriff's Office, No. 1:09cv423, 2011 U.S. Dist. LEXIS 144517, at *3-4 (W.D.N.C. Dec. 14, 2011) (Howell, M.J.) (same); Rudolph v. Buncombe County Gov't, No. 1:10cv203, 2011 WL 5326187, at *2 (W.D.N.C. Nov. 4, 2011) (same). Because the Defendants filed their Motion to Compel after the close of discovery, it was untimely and therefore properly stricken. Accordingly, the Defendants' Objections are overruled and the Magistrate Judge's Order striking the Defendants' Motion to Compel as untimely is affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant-Borrowers' Objections to Order of Magistrate Judge Striking Their Motion to Compel

Discovery [Doc. 100] are **OVERRULED**, and the July 2, 2013 Order of the Magistrate Judge striking the Defendants' Motion to Compel [Doc. 96] is **AFFIRMED**.

**IT IS SO ORDERED.**  Signed: August 12, 2013

Martin Reidinger
United States District Judge